**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HENRY WOODS,**

                    **Movant,**

vs.                                         5:96-CR-0022-008
                                                            (NAM)

**UNITED STATES OF AMERICA,**

                    **Respondent.**
_____

APPEARANCES:                     OF COUNSEL:

Henry Woods
06996-052
McCreary U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635
Movant, *Pro Se*

Office of the United States         Brenda K. Sannes, Esq.
Attorney                                     Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198
Attorney for Respondent

**NORMAN A. MORDUE, Chief U.S. District Judge**

## DECISION AND ORDER

**I.**     **Background**

    Following a jury trial that commenced on January 27, 1997, movant Henry Woods was convicted of distributing and possessing with intent to distribute cocaine, and distributing and possessing with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 846. Dkt. No. 747. Woods was then principally sentenced by the District Court to a term of three hundred twenty four months imprisonment. Dkt. No. 968. Woods appealed the

jury's verdict and his sentence to the Second Circuit, however that court affirmed Woods' conviction and sentence in all respects. *See United States v. Giles et al.*, No. 97-1663, 2000 WL 424142 (2d Cir. 2000).

On February 23, 2005, Woods filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3742(3)[1] based upon his claim that in *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court declared the United States Sentencing Guidelines unconstitutional. *See* Dkt. No. 1302.

The Government filed papers in opposition to that application on June 27, 2007. *See* Dkt. No. 1328.

## II.    Discussion

In *Cortorreal v. United States*, 486 F.3d 742 (2d Cir. 2007), the Court addressed appellant's claim that because the Supreme Court's decision in *Booker* constituted an implicit modification of the United States Sentencing Guidelines as well as a new rule of law that was retroactive to cases on collateral review, the appellant was entitled to re-sentencing under 18 U.S.C. § 3582(c)(2). *Cortorreal*, 486 F.3d at 743. In rejecting that argument, that court held:

> because *Booker* was not a guideline amendment promulgated by the Sentencing Commission, the terms of Section 3582(c)(2) do not apply, and therefore the *Booker* decision cannot be the basis for a Section 3582(c)(2) motion to modify a sentence.

*Cortorreal*, 486 F.3d at 744.

Based upon the court's holding in *Cortorreal*, this Court denies Woods' application for a modification in his sentence.

---

[1] 18 U.S.C. § 3742 governs the appellate review of sentences. 18 U.S.C. § 3582(c), however, addresses the powers of a District Court to modify a previously imposed term of imprisonment. This Court therefore presumes that Woods has made his application pursuant to 18 U.S.C. § 3582(c).

**WHEREFORE**, it is hereby

**ORDERED**, that Woods' motion for a reduction in his sentence (Dkt. No. 1302) is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties by regular or electronic mail.

**IT IS SO ORDERED.**

Dated:   January 22, 2008
         Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge